**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DARREN L. ACKERSON, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:23-cv-1681 PLC |
| ) | |
| MARK PFEIFFER, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is now before the Court on self-represented Plaintiff Darren Ackerson, Jr.'s Complaint and second 'Application to Proceed in District Court without Prepaying Fees or Costs.' ECF Nos. 1 & 6. Based on the financial information submitted in support of the Application, the Court will grant Plaintiff leave to proceed *in forma pauperis* (or without prepayment of fees and costs), but will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Because Plaintiff is now proceeding *in forma pauperis*, the Court must review his Complaint under 28 U.S.C. § 1915. Based on such review, the Court will dismiss the Complaint for failure to state a claim upon which relief may be granted. As a result of this dismissal, Plaintiff's pending motion for appointment of counsel will be denied as moot.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month

period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff is a pretrial detainee at the St. Louis City Justice Center. ECF Nos. 1 at 2, 6 at 1. In his Application to Proceed without Prepayment, Plaintiff states that he has received gifts of money from his sister and brother, but he does not know the current balance in his inmate account. ECF No. 6 at 1-2. As of this date, no inmate account statement has been filed. Based on the financial information Plaintiff has submitted, the Court will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If Plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district

court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**The Complaint**

Plaintiff is a pretrial detainee at the St. Louis City Justice Center ("SLCJC"). He brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights against four employees at SLCJC: (1) Mark Pfeiffer (asset forfeiture officer); (2) Randy P. Lukasek (police officer); (3) Dylan Mitchem (police officer); and (4) Earnest Howard Fuller (police officer). ECF No. 1 at 1-5. Plaintiff brings him claims against these four defendants in their official capacities only. *Id.*

According to Plaintiff, on April 25, 2023, he was arrested by St. Louis City Metropolitan Police after a traffic stop. *Id.* at 6-7. Upon arrest, Plaintiff's vehicle – a 2007 Acura MDX – was seized and taken to impound. Also, Plaintiff had $4,341 in cash on his person that was confiscated.

3

A Property Receipt was provided to Plaintiff for the cash, but Plaintiff alleges that he was not allowed to sign the receipt and instead, defendant Mitchem wrote "Refused" in the signature section. *Id.* at 6. Plaintiff asserts this "incident" violated his Fourteenth Amendment Due Process Rights. ECF No. 1 at 6-7.

Plaintiff attached a copy of the Property Receipt to his Complaint.[1] ECF No. 1-4. According to that Receipt, "[t]he rightful owner of any property seized by the St. Louis Metropolitan Police Department has a right to seek the return of the property. It will be the responsibility of the claimant to obtain a release letter from the court(s) having jurisdiction over the case." ECF No. 1-4 at 1. The Receipt also provides a phone number to call with questions. *Id.*

In terms of injuries, Plaintiff alleges that he lost property (his car and money) and that he suffered emotional damages because after his April 2023 arrest, he was placed on mental health medications at SLCJC. *Id.* at 7-8. For relief, Plaintiff seeks money damages. *Id.* at 10.

**Plaintiff's State Court Litigation**

Based on the Court's independent review of Plaintiff's criminal history on Missouri Case.net, the State of Missouri's online docketing system, it appears that Plaintiff was arrested and charged on April 25, 2023, with multiple counts of assault, armed criminal action, unlawful use of a weapon, resisting arrest, and property damage in the City of St. Louis.[2] *See State v. Ackerson*, No. 2322-CR00793-01 (22nd Jud. Cir., 2023). Plaintiff was denied bond and then the case was delayed by an ordered psychological examination. As of the date of this Order, the criminal

---

[1] In assessing whether a complaint sufficiently states a valid claim for relief, courts may consider materials that are attached to the complaint as exhibits. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (citations omitted); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

[2] The Court may take judicial notice of public records when reviewing a complaint. *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007).

4

charges are still pending in state court with a status conference scheduled for July 12, 2024. Nothing on the docket sheet for the matter indicates that Plaintiff requested a release letter from the court regarding his confiscated property.

## Discussion

After careful consideration and liberal construction of the allegations of the pleadings, the Court finds that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 against the named defendants in their official capacities. As such, this case will be dismissed under 28 U.S.C. § 1915(e)(2)(B).

### I.     Failure to State a § 1983 Claim

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff here alleges that the defendants violated his Fourteenth Amendment due process rights. The Fourteenth Amendment's Due Process Clause is used to evaluate pretrial detainee's claims concerning their conditions of confinement. *Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)). According to the United States Supreme Court, the government may detain defendants prior to trial but the conditions of confinement at the detention facility cannot "amount to punishment, or otherwise violate the Constitution." *Bell*, 441 U.S. at 536-37. The Court described two ways to determine whether the conditions rise to the level of punishment. A plaintiff could demonstrate that the conditions of

5

confinement were intentionally punitive.  Alternatively, if no intent to punish was expressed, plaintiff could show that the conditions were not reasonably related to a legitimate governmental purpose or were excessive in relation to that purpose.  *Id.* at 538-39.

In this case, Plaintiff fails to state a violation of the Fourteenth Amendment, or any other right secured by the Constitution or laws of the United States.  Plaintiff alleges that his cash and car were confiscated upon his arrest by the St. Louis City Police.  His Complaint states that he was told to discuss the return of property with the Police Department.  ECF No. 1 at 12.  And his Property Receipt instructs his to seek a release letter from the court and even provides a phone number to call with questions.  ECF No. 1-4 at 1.  Plaintiff does not allege that he has attempted any of these actions to seek the return of his confiscated property.  He does allege that he followed the provided instructions and was denied access to his property.  Furthermore, Plaintiff does not allege any intent to punish by the defendants or the City of St. Louis, nor does he assert that his property has not been returned due to a condition that is unrelated to a legitimate governmental purpose.  As such, the Complaint fails to state a § 1983 claim upon which relief may be granted.

## II.     Failure to State Official Capacity Claim

In addition, Plaintiff brings his claims against the four defendants in their official capacities only, but his Complaint fails to sufficiently allege such claims.  An official capacity claim against an individual is actually "against the governmental entity itself." *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017) (internal citation omitted).  Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).  Here, defendants are all employees of the St. Louis City Metropolitan Police Department, so Plaintiff's official capacities claims against them are really claims against the City.

A local governing body, like the City, can be sued directly under § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cnty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Here, Plaintiff has not alleged that the City of St. Louis has an unconstitutional policy or custom that makes it liable for any alleged violation of his constitutional rights. Indeed, there is no mention whatsoever of any policy or custom anywhere in the allegations. Specifically, there are no allegations regarding a pattern of similar constitutional violations by other City employees. Therefore, Plaintiff's official capacity claims must be dismissed. *See Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

For these reasons, Plaintiff's Complaint fails to state a claim upon which relief may be granted and this case will be dismissed under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 6] is **GRANTED.** *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $1.00 within **thirty (30) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison

registration number; (3) the case number; and (4) that the remittance is for an original proceeding. *See* 28 U.S.C. § 1915(b)(1).

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the Complaint because the Complaint fails to state a claim upon which relief can be granted. Plaintiff's claims against defendants Mark Pfeiffer, Randy Lukasek, Dylan Mitchem, and Earnest Fuller are **DISMISSED without prejudice**. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 2] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 12th day of June, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE